FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2017 FEB 21 PM 4: 29

Civil Case Number: _____

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

6:17-cv-297-Orl-41KRS

Charlie Torres,

        Plaintiff,

vs.

Santander Consumer USA, Inc.,

        Defendant.

## COMPLAINT

For this Complaint, Plaintiff, Charlie Torres, by undersigned counsel, states as follows:

### JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3. Plaintiff, Charlie Torres ("Plaintiff"), is an adult individual residing in Orlando, Florida, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4. Defendant, Santander Consumer USA, Inc. ("Santander"), is a Texas business entity with an address of 8585 North Stemmons Freeway, Suite 1100 N, Dallas, Texas 75247, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

5.  Within the last four years, Santander began calling Plaintiff's cellular telephone, number 407-XXX-5407, using an automatic telephone dialing system ("ATDS" or "predictive dialer").

6.  When Plaintiff answered calls from Santander, there was not a live person with whom Plaintiff could speak.

7.  In or around February 2016, Plaintiff contacted Santander and demanded that all calls to his cellular telephone number cease.

8.  Nevertheless, Santander continued to place automated calls to Plaintiff's telephone number.

9.  Santander's calls directly interfered with Plaintiff's right to peacefully enjoy a service for which Plaintiff pays.

## COUNT I
## VIOLATIONS OF THE TCPA 47 U.S.C. § 227, et seq.

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using an ATDS or predictive dialer.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call..."*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13. Defendant's telephone system(s) have some earmarks of a predictive dialer.

14. When Plaintiff answered calls from Defendant, Defendant's telephone system would immediately disconnect the call.

15. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17. The telephone number called by Defendant was and is assigned to a cellular telephone for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

18. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19. Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

20. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

21. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 13, 2017

Respectfully submitted,

By /s/ Stan Michael Maslona
Stan Michael Maslona, Esq.
Florida Bar No. 86128
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
smaslona@lemberglaw.com